UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LEWIS WARE,

        Plaintiff,

    v.

BURLINGTON NORTHERN SANTA FE RAILWAY, a corporation,

        Defendant.

NO. CIV. S-05-2110 WBS DAD

MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT

----oo0oo----

        Plaintiff Lewis Ware brought this action in state court against his former employer, defendant Burlington Northern Santa Fe Railway ("Burlington"), alleging that Burlington breached an oral agreement to settle outstanding claims between them.  The case was removed by defendant based on diversity and federal question jurisdiction, and defendant now moves for summary judgment.

///
///
///
///

1

I.   Factual and Procedural Background

Plaintiff Ware was hired in 1990 to work as a switchman and yard foreman for Burlington[1], a corporation which operates railway services throughout the United States. (Ringstad Decl. Ex. 1 at 1; Statement of Undisputed Facts 1.) Plaintiff is a member of the Brotherhood of Locomotive Engineers & Trainmen Union ("BLET"), and at all times his employment was governed by a collective bargaining agreement between the BLET and Burlington. (Id. 2; Compl. ¶ 1.)

On March 13, 2002, plaintiff was injured on the job. (Compl. ¶ 2.) Subsequently, on April 29, 2002, defendant terminated plaintiff's employment, based on allegations that he misrepresented facts concerning his injury and that he failed to timely and appropriately report the injury to defendant. (Statement of Undisputed Facts 4.) On July 8, 2002, the BLET union appealed plaintiff's dismissal ("labor case"), requesting that plaintiff be returned to his previous position with all seniority rights, and be compensated for all wages and benefits lost subsequent to dismissal. (Compl. 3.) Pursuant to the Railway Labor Act ("RLA"), the labor case went to arbitration in front of the Public Law Board. (Compl. ¶ 8.) On July 19, 2002, in a separate action in federal court, plaintiff brought suit under the Federal Employers' Liability Act for damages stemming from his bodily injuries ("FELA case"). (Compl. 4.)

Approximately a year after plaintiff's injury, in April of 2003, plaintiff and defendant entered into settlement

---

[1] Formerly the "Atchinson, Topeka and Santa Fe Railway Company." (Ringstad Decl. Ex. 1 at 1.)

2

1  negotiations regarding the FELA case.  (Compl. 6.)  On April 11,
2  2003, the parties reached a verbal accord, and on April 18, 2003,
3  plaintiff signed a "Release and Settlement Agreement."  (Wunker
4  Decl. Ex. 1 ("settlement agreement").)  For consideration of
5  $47,976.00, plaintiff agreed to "release and forever discharge"
6  Burlington from "all claims and liabilities of every kind of
7  nature . . . arising out of an accident on or about March 13,
8  2002 . . . ."  (Id.)  The settlement agreement also contained a
9  provision that "[f]or Railroad Retirement Act purposes,
10 [plaintiff] agree[s] that the entire amount of this payment is
11 apportioned to factors other than for time lost; nevertheless
12 [plaintiff] understand[s] this is a final payment and complete
13 Release, and includes any claim [plaintiff] may have for time
14 lost."  (Id.)

15         On December 31, 2003, Public Law Board No. 6041
16 ("Board") of the National Mediation Board, which had held an
17 arbitration hearing on the labor case, found that Burlington was
18 not justified in terminating plaintiff's employment.  (Ringstad
19 Decl. Ex. 1 ("December 31, 2003 Board Order").)  As such, the
20 Board issued an award rescinding plaintiff's dismissal, ordering
21 plaintiff's reinstatement with seniority rights unimpaired, and
22 granting back pay and benefits.  (Id.)  Defendant, however,
23 subsequently asked the Board for a clarification of its award in
24 light of the settlement agreement, arguing that the language
25 releasing any claim for "time lost" precluded an award of back
26 pay and benefits.  (Compl. 9.)  Upon reconsideration, the Board
27 found that plaintiff's claims for back pay and benefits clearly
28 fell within the scope of "all claims" released by the settlement

3

agreement, and thus such an award would not be granted. (Ringstad Decl. Ex. 2 ("August 31, 2004 Board Order").)

Plaintiff thereafter filed this action in state court, alleging a single cause of action for breach of an oral agreement that plaintiff believes was created on April 11, 2003. (Compl. ¶¶ 6, 18.) Plaintiff's primary contention in support of this action is that on April 11, 2003, the parties orally agreed that plaintiff was releasing the claims in the FELA case, and <u>only</u> in the FELA case. Therefore, plaintiff argues, the subsequent written settlement agreement failed to represent the true intention of the parties, and the release language was ambiguous, uncertain and unconscionable. (Compl. ¶¶ 13-17.) Defendant removed the case based on diversity and federal question jurisdiction. (Notice of Removal.) Defendant Burlington now moves for summary judgment, arguing that: 1) plaintiff's claim is preempted by the RLA and thus must be dismissed for lack of jurisdiction; and 2) even if jurisdiction is proper, plaintiff's contract claim fails as a matter of law.

II. <u>Discussion</u>

Congress' purpose in passing the RLA was "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." <u>Haw. Airlines v. Norris</u>, 512 U.S. 246, 252 (1994). To this end, the act established a "mandatory arbitral mechanism for 'prompt and orderly settlement' of two classes of disputes." <u>Id.</u> (quoting 45 U.S.C. § 151a). "Major" disputes relate to the formation of collective bargaining agreements, or efforts to obtain them, while "minor" disputes are those involving "interpretation or

4

application of existing labor agreements." Id. at 256 (citing Consol. Rail Corp. (Conrail) v. Ry. Labor Executives' Ass'n, 491 U.S. 299, 305 (1989)). The mandatory nature of the arbitration mechanism for minor disputes under the RLA has thus created a doctrine of preemption, requiring that claims which may purport to be based on state common law or statutory grounds, but which are in substance "minor disputes" under the RLA, must be arbitrated. Andrews v. Louisville & Nashville R.R. Co., 406 U.S. 320 (1972). Preemption by the RLA in this context thus eliminated federal district court jurisdiction, and mandates arbitration of any state law claims which could be characterized as "minor disputes."

In Andrews, the court found that because the only source of plaintiff's right not to be discharged was rooted in the collective bargaining agreement, his action for wrongful discharge was subject to the Act's arbitration requirement. Id. at 324-25. The court established that it is the substance of the claim, not its characterization, that determines whether it is preempted. Id.[2] Thus, whenever the conduct complained of is "arguably governed by the collective bargaining agreement or has a not obviously insubstantial relationship to the labor contract," then preemption applies and arbitration must occur. Magnuson v. Burlington N., Inc., 576 F.2d 1367, 1367-70 (9th Cir.

---

[2] This is not to say, however, that just because a collective bargaining agreement is in place, any claim pertaining to wrongful termination must automatically be preempted. In Hawaiian Airlines v. Norris, the Supreme Court distinguished Andrews and failed to find preemption when the "only source" of the right plaintiff asserted was based on a state law whistle-blower protection statute. 512 U.S. 246, 258.

1978).

The Supreme Court has articulated two general instances when this may occur: 1) when the "claims [are] founded directly on rights created by collective-bargaining agreements" and 2) "where the right is created by state law . . . [but the application of state law] requires the interpretation of a collective bargaining agreement." Hayden v. Reickerd, 957 F.2d 1506, 1509 (9th Cir. 1992)(quoting Lingle v. Norge Div. Of Magic Chef, Inc., 486 U.S. 399, 411-12 (1988)).[3] Employing this reasoning, the United States Supreme Court and the Ninth Circuit have found a variety of seemingly unrelated state court actions to be preempted under the RLA. Andrews, 406 U.S. 320 (finding a state statutory claim for wrongful discharge to be preempted); Grote v. Trans World Airlines, Inc., 905 F.2d 1307, 1308 (9th Cir. 1983) (finding preemption of state law claims for "wrongful termination, breach of the covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, defamation, and fraud"); Magnuson, 576 F.2d 1367 (finding a state common law claim for emotional distress to be preempted); Dahl v. Rosenfeld, 316 F.3d 1074 (9th Cir. 2003)(legal malpractice claim preempted), Beers v. S. Pac. Transp. Co., 703 F.2d 425 (9th Cir. 1983)(intentional infliction of emotional distress); see also John DeTomaso v. Pan Am. World

---

[3] This court is cognizant of the fact that the court in Lingle was discussing preemption under the Labor Management Relations Act, not the LRA. However, as the court later stated in Hawaiian Airlines, "[g]iven the convergence in the pre-emption standards under the two statutes, we conclude that Lingle provides an appropriate framework for addressing pre-emption under the RLA, and we adopt the Lingle standard to resolve claims of RLA pre-emption." Hawaiian Airlines, 512 U.S. at 263.

Airways, Inc., 43 Cal.3d 517, 528 (1987)(summarizing federal and state court decisions finding preemption in a variety of contexts). Therefore, in order to assess the propriety of the present action, this court must determine the source of the right underlying plaintiff's claim.

By framing the harm in the context of contract law, plaintiff has attempted to artfully plead this action so as to create a right to damages based on contract principles, distinct from those rights to back pay and benefits afforded him by the collective bargaining agreement. However, although plaintiff asserts that the complaint is for "breach of the oral agreement settling only the FELA case," (Compl. ¶ 11), the only provisions of California Civil code cited to in the complaint pertain to alleged defects in the written release documents. (Compl. ¶¶ 12-17.)

Indeed, scrutiny of the substance of plaintiff's argument reveals that the ultimate harm actually complained of is that, based on various state law contract principles, the written settlement agreement did not properly constitute a release of plaintiff's ability to recover back pay and benefits in the labor case. Notably, the only actual damages asserted in plaintiff's complaint are "plaintiff's loss of back pay and benefits." (Compl. ¶ 17.) Ultimately, plaintiff cannot avoid the fact that the only entitlement he references is his right to back pay and benefits--a right granted to him in, and only in, the collective bargaining agreement between BLET and defendant Burlington.

Because plaintiff's complaint thus involves a "matrix of facts . . . inextricably intertwined" with the rights

7

conferred by the collective bargaining agreement," his state law claims are clearly preempted by the RLA.  See Grote 905 F.2d at 1309-10.  In such a case, as discussed above, arbitration is mandated under the RLA.  Magnuson, 576 F.2d at 1369.  As defendant's motion aptly points out, however, this issue raised by plaintiff regarding the potential applicability of the written settlement to his claims in the labor case, is one which has already been arbitrated.  (August 31, 2004 Board Order.)  In fact, once the Board became aware of the written settlement agreement (subsequent to the issuance of its original award) it held an additional hearing to determine the effect of the release on plaintiff's right to back pay and benefits.  (Id.)  The Board found it beyond dispute that plaintiff's claims for back pay and benefits were of the very "kind or nature" covered by the settlement agreement, and thus the previous award was not proper.[4]  (Id.)

Plaintiff, by this present action, has attempted to make an end-run in state court around the Board's order of August 31, 2004, and seek indirect review of their findings without properly filing a petition for judicial review pursuant to 45 U.S.C. § 153.[5]  The improper nature of this action is made clear

---

[4] The Board additionally noted that the settlement agreement should have also precluded plaintiff's claim for reinstatement.  (Ringstad Decl. Ex. 2 ("August 31, 2004 Board Order").)  However, because Burlington had already proceeded with plaintiff's reinstatement, reconsideration of that aspect of the award was moot.  (Id.)

[5] Section 153 provides that "[i]f any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award

8

1  by the fact that rewarding the relief requested would directly
2  disturb the findings of the Board, by granting back pay and
3  benefits when the Board has already determined that they were
4  inappropriate.
5      The state law claims in this action are clearly
6  preempted by the RLA.  Moreover, they involve an issue which has
7  already been adjudicated under the mandatory authority of the
8  Board under the RLA, and plaintiff cannot now seek to challenge
9  the Boards findings through related state court claims.  See
10 generally Union Pac. R.R. Co. v. Price, 360 U.S. 601 (1959)
11 (finding that the employee's "submission to the Board of his
12 grievances as to the validity of his discharge precludes him from
13 seeking damages in the instant common-law action").
14     IT IS THEREFORE ORDERED that defendant's motion for
15 summary judgment be, and the same hereby is, GRANTED.
16 DATED:  November 29, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order."  45 U.S.C. 153 First(q).  Plaintiff's reluctance to file a petition for review is understandable, given that the standard of review of arbitration awards under the RLA is "among the narrowest known to the law."  United Transp. Union v. Union Pac. R.R. Co., 116 F.3d 430, 432 (9th Cir. 1997). However, plaintiff's failure to pursue that option cannot be cured by the filing of related state law claims.